IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INFRA TECHNOLOGY, LLC | § | CASE NO. 19-31444 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE EDUARDO V. RODRIGUEZ |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH AMERICAN WELDING SERVICES CORPORATION PURSUANT TO FRBP 9019**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Eduardo V. Rodriguez,
United States Bankruptcy Judge**:

COMES NOW Eva S. Engelhart, Chapter 7 Trustee (the "Trustee") and would show as follows:

**A. Jurisdiction, Venue and Constitutional Authority**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and/or (K) and arises in and/or under Title 11. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 105, 502, 503 and Federal Rules of Bankruptcy Procedure 9019.

2. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3. This Court has constitutional authority to enter a final order regarding this matter. This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr.

S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception. *See Id.*

### B. Background

4. Prior to the bankruptcy filing, the Debtor was engaged in the business of developing a gas-to-liquid chemical processing plant in Wharton, Texas, utilizing the concept that natural gas could be converted to another usable commercial product via a proprietary process (the "**GTL plant**"). The GTL plant was assembled on approximately 5.2 acres of real property purchased by the Debtor located at 7391 US-59, Wharton, Texas 77488 (the "**Property**").

5. A dispute arose between the Debtor and American Welding Services Corporation ("**AWS**"), a contractor engaged by the Debtor to assist in the construction of at least a portion of the GTL plant. The business dealings between the parties were conducted without a written contract and the Debtor paid AWS on essentially an invoice by invoice basis. According to AWS, the scope of services to be provided continued to expand throughout the relationship. In approximately October of 2016, according to the Debtor, an invoice was received from AWS for approximately $78,000, a portion of which was apparently disputed by the Debtor. Discussions ensued whereafter the Debtor alleges that the parties agreed that $52,000 was the total amount due to AWS for all unpaid services provided to that date. The Debtor further alleges that no new work was thereafter performed by AWS. The Debtor further alleges that after reaching this consensus, in January 2017, it received several new invoices from AWS for approximately $1.8 million in for goods, services and/or profit markup for goods/services previously provided. The Debtor disputed that these new sums were owed and the previously agreed to $52,000 went unpaid. Further, on February 16, 2017, AWS filed a Mechanic's and Materialman's Lien in the Wharton County real property records asserting a debt for approximately $1.8 million (the "**M&M Lien Affidavit**").

6. On March 6, 2017, the Debtor filed Cause No. CV496643, *INFRA Technology, LLC vs. American Welding Services Corporation* in the 23rd Judicial District Court in Wharton County, Texas (the

"*Litigation*").  Although more complexly pled in this litigation, the Debtor sought, among other things, declaratory relief that the M&M Lien Affidavit was untimely filed as it had been alleged to have been filed more than four months and fifteen days after accrual of the indebtedness owed under the October 2016 invoice.  The Debtor further disputed the validity of the debt alleged in the 2017 invoices and alleged a host of additional affirmative claims and defenses.  Although more complexly pled in this litigation, AWS contended that the services supporting the M&M Lien Affidavit continued after the October 2016 invoices and therefore the underlying indebtedness had not accrued under the applicable Property Code provision to trigger the lien filing deadline.  AWS contended a number of other basis to support the validity of the debt alleged in the 2017 invoices including, but not limited to, a Constitutional Lien, an M&M lien under the Texas Property Code and a *quantum meruit* claim.

7.  On March 14, 2019 (the "***Petition Date***"), INFRA Technology, LLC (the "***Debtor***") filed for voluntary Chapter 7 relief in the above-captioned bankruptcy case.  On the same date, the Trustee was appointed interim Trustee.  The § 341 meeting of creditors was held and concluded on April 25, 2019.

8.  On April 1, 2019, at Docket Number 18, the Court entered an Order authorizing the Trustee to sell the Property and the GTL plant by public internet auction commencing on May 13, 2019 and continuing until May 15, 2019 (the "Auction"), free and clear of liens and/or claims.

9.  On May 10, 2019, the Wharton County Taxing Authorities filed amended proof of claim number ten (10) asserting a secured claim in the amount of $428,414.59 for unpaid 2018 *ad valorem* property taxes, and estimated 2019 *ad valorem* property taxes, for both the Property and the GTL plant. The alleged 2018 *ad valorem* property taxes are, in part, based upon a valuation of $8,759,745 for the GTL plant, which the Trustee believes to be drastically inflated.  The alleged 2019 *ad valorem* property taxes are, in part, based upon a valuation of approximately $11,000,000 for the GTL plant, which the Trustee believes to be even more drastically inflated.  The Trustee intends to challenge these valuations.

### C. Request for Relief

10. The Trustee and AWS have reached an agreement resolving all issues in the Litigation and which could be asserted by AWS in this bankruptcy case against the Debtor and/or property of the estate. Specifically, in exchange for the payment of the sum of $125,000 from the proceeds of sale of the Property and the GTL plant, after payment/accounting administrative expenses of sale (defined below), and a general release of claims by the Estate, AWS will generally release the Estate of any and all claims, including, by way of example only and not limitation, any lien claims against the Property and GTL plant and any deficiency claims against the Estate. To the extent that insufficient funds exist after deduction of administrative costs, the payment to AWS will be reduced to the amount of available funds. For purposes of this settlement only, administrative costs are defined herein as (hereafter "Administrative Costs"):

   a. Reimbursement of auctioneer expenses;
   b. Reimbursement of Debtor's owner's advancement of security and electric costs;
   c. *Ad valorem* property taxes due at the time of closing, including the estate's *pro rata* share of 2019 property taxes;
   d. Usual and customary costs of closing of the sale of the Property;
   e. Closing costs for the sale of the GTL plant;
   f. Estimated administrative expenses for attorney fees and expenses of general counsel through closing; estimated expenses for the Trustee's accountant and Trustee statutory fees under 11 U.S.C. § 326[1] based upon the sale value of the Property and GTL plant.

11. The parties are aware that the Trustee intends to challenge the Wharton County Taxing Authorities claim and/or the tax appraised value of the Property and GTL plant and that this will affect the availability of funds to pay AWS depending on the outcome of the auction sale. Accordingly, the parties further agree that in the event that: (i) the auction proceeds are insufficient to pay the full $125,000 to AWS after factoring in Administrative Costs; and (ii) there is a deficiency to AWS after adjudication of the protest of the aforementioned property taxes/valuation(s), the sales proceeds (minus the adjudged tax payment and any additional Administrative Costs which may accrue during the pendency of the tax protest) will first be used to pay AWS up to the agreed upon $125,000.

---

[1] Administrative expenses for the Trustee and her general counsel will be estimated for purposes of calculating Administrative Expenses for purposes of this settlement only, payment of compensation to Trustee, general counsel and accountant remain subject to prior Court approval.

12. The Trustee believes the proposed settlement to be in the best interests of the Estate and its creditors. In determining whether a proposed compromise is fair and equitable, a court should consider the factors set out in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157 (1968):

A. **Probability of Success in Litigation**: The central question in the Litigation is whether AWS has a valid lien against the Property and/or the GTL plant by way of an M&M lien under the Texas Property Code or a Constitutional lien under the Texas Constitution. Further, absent settlement AWS advised that it intended to file an emergency motion to allow it to credit bid at auction. While the Trustee believes credit bidding by AWS is precluded by the fact that its claim is the subject of a *bona fide* dispute, such a contest will increase the estate's administrative expense burden and potentially delay the pending auction. Further, in the unlikely event that AWS were given credit bidding rights at the auction, the Trustee believes that such would likely chill the bidding process. Notwithstanding the foregoing, the Trustee believes that the greater risk to the estate lies in the outcome of litigation over whether AWS has any form of a lien against property of the estate, the outcome of which is, at best, unclear. The proposed compromise obviates the risk and uncertainties to all parties from litigation. This factor favors the proposed settlement;

B. **The Complexity, Expense, and Likely Duration of Such Litigation**: Litigation over AWS claims would be costly and time consuming for the estate. Both the existence and amount of any lien are subject to a fact intensive inquiry that would require substantial evidentiary development. Further, as the estate lacks the funds necessary to employ counsel for such a dispute on an hourly basis, it is likely that retention of counsel would be on a contingent basis so as to defer the risk of an unsuccessful result thereby increasing the administrative burden of litigation in addition to the risk of loss. The proposed compromise mitigates all of these risks. This factor favors the proposed compromise.

C. **Difficulties in Collection of a Judgment**: This is not a factor in the proposed settlement.

D. **Terms of Compromise Versus Likely Rewards of Litigation**: Regardless of secured status, it appears that AWS has a claim of between $52,000 and approximately $1.8. While successful litigation over the existence of a lien would mean that the entirety of this claim was unsecured, a loss would result in a zero benefit to general unsecured creditors. The proposed compromise not only reduces AWS' claim to a known $125,000, but releases the estate from a potentially much larger deficiency claim of potentially $1.675 million. This factor favors the proposed compromise.

WHEREFORE based on the foregoing, the Trustee requests all relief set out herein and for such other and further relief to which she may show herself entitled.

Respectfully submitted,

*/s/ Marc Douglas Myers*

_____
Marc Douglas Myers

Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

### CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee, the US Trustee, all creditors and all persons requesting notice as set forth below unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*
_____
Marc Douglas Myers

| | | | |
|---|---|---|---|
| INFRA Technology LLC<br>1980 Post Oak Blvd.<br>Suite 1500<br>Houston, TX 77056-3845 | Crystal Clean<br>13621 Collections Center Drive<br>Chicago, IL 60693-0136 | Innovation Safety Solutions<br>P.O. Box 110<br>La Marque, TX 77568-0110 | Pablo Rendon<br>9314 Drewberry<br>Houston, TX 77080-2938 |
| ADP<br>undeliverable | Culligan<br>5450 Guhn Road<br>Houston, TX 77040-6211 | Instrumart<br>35 Green Mountain Drive<br>South Burlington, VT 05403-7824 | Praxair<br>P.O. Box 120812<br>Dallas, TX 75312-0812 |
| Allstar Sanitation Services<br>PO Box 1090<br>El Campo, TX 77437-1090 | Dmitrii Popov<br>5280 Caroline St.<br>Apt. 907<br>Houston, TX 77004-5883 | Jack Haynie<br>3826 Antibes Lane<br>Houston, TX 77082-3138 | Quincy Compressor<br>701 North Dobson Avenue<br>Bay Minette, AL 36507-3199 |
| American Welding Services<br>8244 Harborside Dr.<br>Galveston, TX 77554-7199 | Enterprise Products<br>P.O. Box 4324<br>Houston, TX 77210-4324 | Jas Brar<br>2 Houston Center<br>909 Fannin, Suite 1640<br>Houston, TX 77010-1018 | RW Smith<br>3030 Greens Road<br>Houston, TX 77032-2204 |
| Ann Harris Bennett<br>PO Box 3547<br>Houston, TX 77253-3547 | GBSM Service and Management<br>14303 Hartshill Dr<br>Houston, TX 77044-5067 | Lightning Bold & Supply Inc<br>211 West Harris Avenue<br>Pasadena, TX 77506-3411 | Regus<br>undeliverable |
| Apache Industrial Services<br>250 Assay St. Suite 500<br>Houston, TX 77044-3507 | Grace Utley, TAC<br>P.O. Box 189<br>Wharton, TX 77488-0189 | Logix<br>P.O. Box 734120<br>Dallas, TX 75373-4120 | Satellite Shelters<br>18500 Van Rd.<br>Houston, TX 77049-1324 |
| Aspen Technology<br>PO Box 347374<br>Pittsburgh, PA 15251-4374 | H&E Equipment Services, Inc.<br>502 FM 359 Road South<br>Brookshire, TX 77423-9005 | Martin Electric Co. Inc<br>1504 W Jackson Street<br>El Campo, TX 77437-9310 | Saybolt LP<br>201 Deerwood Glen Drive<br>Deer Park, TX 77536-3270 |
| Blue Cross Blue Shield of Texas<br>P.O. Box 731428<br>Dallas, TX 75373-1428 | Haldor Topsoe<br>17629 El Camino Real, Suite 300<br>Houston, TX 77058-3076 | MidAmerican Energy Services<br>P.O. Box 8019<br>Davenport, IA 52808-9900 | Sun Coast Resources<br>6405 Cavalcade Bldg 1<br>Houston, TX 77026-4315 |
| Carey Boiler Works<br>616 Hepburn St.<br>Williamsport, PA 17701-5007 | Hoerbiger Service Inc.<br>1191 East Newport Center Drive, Ste 210<br>Deerfield Beach, FL 33442-7708 | Mobile Modular Portable Stroage<br>P.O. Box 45043<br>San Francisco, CA 94145-5043 | Terminix<br>4407 Halik Street, Suite E500<br>Pearland, TX 77581-1901 |
| Cintas<br>6707 W. Sam Houston Prwy N<br>Houston, TX 77041-4099 | Humana Insurance Co.<br>P.O. Box 3024<br>Milwaukee, WI 53201-3024 | Nalco Company<br>1601 W Diehl Road<br>Naperville, IL 60563-1198 | Texas Mutual Insurance Company<br>6210 E Highway 290<br>Austin, TX 78723-1098 |
| City of Wharton<br>120 E Caney St.<br>Wharton, TX 77488-5006 | Huseyin Turanli<br>5454 Newcastle St, Apt. 1220<br>Houston, TX 77081-2263 | NetWolves<br>4710 Eisenhower Blvd.<br>Suite E-8<br>Tampa, FL 33634-6336 | Timeline Logistics<br>P.O. Box 131483<br>Houston, TX 77219-1483 |
| CleanCo Systems<br>P.O. Box 1569<br>Channelview, TX 77530-1569 | INFRA XTL Technology LTD<br>Riga Feraiou, 2, Limassol Center<br>Block B, 6th Floor, Office 601<br>P.C. 3095, Limassol, Cyprus | Nicholas Boyd<br>9720 Broadway St, Apt. 1534<br>Pearland, TX 77584-8747 | Turner Stone & Company<br>12700 Park Central Drive, Suite 1400<br>Dallas, TX 75251-1507 |
| Cook Compression<br>11951 N Spectrum Blvd<br>Houston, TX 77047-7803 | IRS<br>Centralized Insolvency Operati<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Oak, Hartline & Daly<br>2323 S. Shepherd, 14th Floor<br>Houston, TX 77019-7024 | ULine<br>12575 Uline Drive<br>Pleasant Prairie, WI 53158-3686 |
| Cross Roads Oil Field Supply<br>PO Box 1546<br>El Campo, TX 77437-1546 | | | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave |

Ste 3516
Houston, TX 77002-2604

United Rentals
101 Old Underwood Rd., Bldg
La Porte, TX 77571-9480

Vcorp
25 Robert Pitt Dr., Suite 205
Monsey, NY 10952-3366

Wastewater Transport Services
826 Linger Ln
Austin, TX 78721-3650

Wharton County Tax Office
P.O. Box 189
Wharton, TX 77488-0189

Williams Scotsman
142 West Hardy Road
Houston, TX 77060-4615

Eva S Engelhart
Ross Banks May Cron and Cavin PC
7700 San Felipe
Suite 550
Houston, TX 77063-1618

Megan M Adeyemo
Gordon & Rees LLP
2200 Ross Avenue
Suite 4100 West
Dallas, TX 75201-7902