UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INFRA TECHNOLOGY, LLC | § | CASE NO. 19-31444 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE EDUARDO V. RODRIGUEZ |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH JPMORGAN CHASE BANK, N.A. PURSUANT TO FRBP 9019**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Eduardo V. Rodriguez,
United States Bankruptcy Judge**:

COMES NOW Plaintiff, Eva S. Engelhart, Trustee ("Trustee") and would show as follows:

**A. Jurisdiction, Venue and Constitutional Authority**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and/or (F) and arises in and/or under Title 11. The statutory predicate for the relief sought herein is Federal Rule of Bankruptcy Procedure 9019.

2. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3. This Court has constitutional authority to enter a final order regarding this matter. This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception. *See Id.*

**B. Background**

4. On March 14, 2019, INFRA Technology, LLC (the "Debtor") filed for voluntary Chapter 7 relief.

5. During the 90-day period prior to the bankruptcy filing, the Debtor paid the sum of $29,059.85 to JPMorgan Chase Bank, N.A., as payment for amounts due under a credit card account of the Debtor ending in Account # 7347.

6. The Trustee made demand upon Chase for recovery of these funds for avoidance claims based upon 11 U.S.C. §§ 547, 550. Chase responded to the demand, denied the allegations made and settlement discussions ensued.

**C. Motion to Compromise**

7. The Trustee and Chase have entered into a settlement agreement, subject to Court approval, which resolves all claims between them regarding transfers made during the preference period. The full terms and conditions of the proposed settlement are set forth in the attached Exhibit A. By way of summary only, the settlement provides that, in exchange for the payment of $14,530 by Chase, the Trustee will release Chase of all avoidance claims related to the above. The Trustee believes the proposed settlement to be in the best interests of the Estate and its creditors. In determining whether a proposed compromise is fair and equitable, a court should consider the factors set out in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157 (1968):

> A. **Probability of Success in Litigation / Terms of Compromise Versus Likely Rewards of Litigation / The Complexity, Expense, and Likely Duration of Such Litigation**: The amount in controversy is approximately $29,000 and, under the terms of the proposed settlement, the Estate is to recovery approximately 50% of this amount at the demand letter stage, as opposed to after having filed an adversary proceeding. Given the amount in controversy, it is highly likely that even if the Estate were entirely successful in litigation to recover the transfer to Chase, the administrative costs incurred to judgment would obviate any benefit obtained over and above what is achieved by the proposed compromise. Further, it is also possible that Chase could establish one or more affirmative defenses at trial, thereby further lessening (or possibly preventing) any recovery. These factors favor the proposed compromise.
>
> B. **Difficulties in Collection of a Judgment**: This factor is not implicated in the proposed settlement.

WHEREFORE, based on the foregoing, the Trustee requests all relief set out herein and for such other and further relief to which she may show herself entitled.

Respectfully submitted,

*/s/ Marc Douglas Myers*
_____
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee, the US Trustee, all creditors and all persons requesting notice as set forth in the attached unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*
_____
Marc Douglas Myers

---

INFRA Technology LLC
1980 Post Oak Blvd., Suite 1500
Houston, TX 77056-3845

ADP
undeliverable

Allstar Sanitation Services
PO Box 1090
El Campo, TX 77437-1090

American Welding Services
8244 Harborside Dr.
Galveston, TX 77554-7199

Ann Harris Bennett
PO Box 3547
Houston, TX 77253-3547

Apache Industrial Services
250 Assay St. Suite 500
Houston, TX 77044-3507

Aspen Technology
PO Box 347374
Pittsburgh, PA 15251-4374

Blue Cross Blue Shield of Texas
P.O. Box 731428
Dallas, TX 75373-1428

Carey Boiler Works
616 Hepburn St.
Williamsport, PA 17701-5007

Cintas
6707 W. Sam Houston Prwy N
Houston, TX 77041-4099

City of Wharton
120 E Caney St.
Wharton, TX 77488-5006

CleanCo Systems
P.O. Box 1569
Channelview, TX 77530-1569

Cook Compression
11951 N Spectrum Blvd
Houston, TX 77047-7803

Cross Roads Oil Field Supply
PO Box 1546
El Campo, TX 77437-1546

Crystal Clean
13621 Collections Center Drive
Chicago, IL 60693-0136

Culligan
5450 Guhn Road
Houston, TX 77040-6211

Dmitrii Popov
5280 Caroline St., Apt. 907
Houston, TX 77004-5883

Enterprise Products
P.O. Box 4324
Houston, TX 77210-4324

GBSM Service and Management
14303 Hartshill Dr
Houston, TX 77044-5067

Grace Utley, TAC
P.O. Box 189
Wharton, TX 77488-0189

H&E Equipment Services, Inc.
502 FM 359 Road South
Brookshire, TX 77423-9005

Haldor Topsoe
17629 El Camino Real, Suite 300
Houston, TX 77058-3076

Hoerbiger Service Inc.
1191 East Newport Center Drive, Ste 210
Deerfield Beach, FL 33442-7708

Humana Insurance Co.
P.O. Box 3024
Milwaukee, WI 53201-3024

Huseyin Turanli
5454 Newcastle St, Apt. 1220
Houston, TX 77081-2263

INFRA XTL Technology LTD
Riga Feraiou, 2, Limassol Center
Block B, 6th Floor, Office 601
P.C. 3095, Limassol, Cyprus

IRS
Centralized Insolvency Operati
PO Box 7346
Philadelphia, PA 19101-7346

Innovation Safety Solutions
P.O. Box 110
La Marque, TX 77568-0110

Instrumart
35 Green Mountain Drive
South Burlington, VT 05403-7824

Jack Haynie
3826 Antibes Lane
Houston, TX 77082-3138

Jas Brar
2 Houston Center
909 Fannin, Suite 1640
Houston, TX 77010-1018

Lightning Bolt & Supply Inc.
211 West Harris Avenue
Pasadena, TX 77506-3411

Lightning Bolt & Supply Inc.
10626 S. Choctaw Drive
Baton Rouge, LA 70815

Logix
P.O. Box 734120
Dallas, TX 75373-4120

Martin Electric Co. Inc
1504 W Jackson Street
El Campo, TX 77437-9310

MidAmerican Energy Services
P.O. Box 8019
Davenport, IA 52808-9900

Mobile Modular Portable Stroage
P.O. Box 45043
San Francisco, CA 94145-5043

Nalco Company
1601 W Diehl Road
Naperville, IL 60563-1198

NetWolves
4710 Eisenhower Blvd., Suite E-8
Tampa, FL 33634-6336

Nicholas Boyd
9720 Broadway St, Apt. 1534
Pearland, TX 77584-8747

Oak, Hartline & Daly
2323 S. Shepherd, 14th Floor
Houston, TX 77019-7024

Pablo Rendon
9314 Drewberry
Houston, TX 77080-2938

Praxair
P.O. Box 120812
Dallas, TX 75312-0812

Quincy Compressor
701 North Dobson Avenue
Bay Minette, AL 36507-3199

RW Smith
3030 Greens Road
Houston, TX 77032-2204

Regus
undeliverable

Satellite Shelters
18500 Van Rd.
Houston, TX 77049-1324

Saybolt LP
201 Deerwood Glen Drive
Deer Park, TX 77536-3270

Sun Coast Resources
6405 Cavalcade Bldg 1
Houston, TX 77026-4315

Terminix
4407 Halik Street, Suite E500
Pearland, TX 77581-1901

Texas Mutual Insurance Company
6210 E Highway 290
Austin, TX 78723-1098

Timeline Logistics
P.O. Box 131483
Houston, TX 77219-1483

Turner Stone & Company
12700 Park Central Drive, Suite 1400
Dallas, TX 75251-1507

ULine
12575 Uline Drive
Pleasant Prairie, WI 53158-3686

US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002-2604

United Rentals
101 Old Underwood Rd., Bldg
La Porte, TX 77571-9480

Vcorp
25 Robert Pitt Dr., Suite 205
Monsey, NY 10952-3366

Wastewater Transport Services
826 Linger Ln
Austin, TX 78721-3650

Wharton County Tax Office
P.O. Box 189
Wharton, TX 77488-0189

Williams Scotsman
142 West Hardy Road
Houston, TX 77060-4615

Eva S Engelhart
7700 San Felipe, Suite 550
Houston, TX 77063-1618

Megan M Adeyemo
2200 Ross Avenue, Suite 4100 West
Dallas, TX 75201-7902

JM Partners, LLC
6800 Paragon Place, Suite 202
Richmond, VA 23230-1656

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INFRA TECHNOLOGY, LLC | § | CASE NO. 19-31444 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE EDUARDO V. RODRIGUEZ |

**SETTLEMENT AGREEMENT**

This Settlement Agreement and Release (the "***Agreement***") is made by and between JPMorgan Chase Bank, N.A. ("**Chase**")[1] on the one hand and Eva S. Engelhart, the chapter 7 Trustee (the "***Trustee***") of the above-referenced bankruptcy estate (the "***Estate***") but not in any individual capacity, on the other hand.  Chase and the Trustee also may be referred to herein individually as a "***Party***" and collectively as the "***Parties***").

**WHEREAS**, on March 14, 2019 (the "***Petition Date***"), INFRA Technology, LLC (the "***Debtor***") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  On the same date, the Trustee was appointed interim Trustee, and, having since accepted the appointment and posted the requisite bond, is now the duly qualified chapter 7 Trustee of the Debtor's bankruptcy estate;

**WHEREAS**, the Trustee has made demand ("***Demand***") upon Chase seeking the return of allegedly preferential transfers in the sum aggregate amount of $29,059.85 relating to payments made by the Debtor to Chase within the 90-day period prior to the Petition Date (the "***Claim***");

**WHEREAS**, Chase has denied that any such transfers were preferential or otherwise subject to avoidance and asserted various defenses;

**WHEREAS**, the Parties engaged in settlement discussions and negotiations concerning the Claim and the Parties wish to amicably, resolve, settle and compromise the Claim as provided for in this Agreement; and

**WHEREAS**, the Agreement is subject to Bankruptcy Court approval.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties herein agree to the recitals set forth below:

a) The above recitals are incorporated herein by reference.

b) Chase shall pay to the Trustee the sum of $14,530.00 in readily available funds (the "***Settlement Amount***") in full satisfaction of the Claim within 15 days of the last occurring of the following: (1) Chase's receipt of a copy of this Agreement bearing the Trustee's

---

[1] For purposes of this subsection, if Chase is not a natural person, the term "Chase" shall collectively mean (i) Chase, (ii) any of Chase's current or former (whether direct or indirect) parents, subsidiaries, and affiliates; (iii) all current and former directors, officers, members, managers, employees, attorneys, financial advisors, and other representatives of Chase or any of Chase's current or former (whether direct or indirect) parents, subsidiaries, and affiliates; and (iv) each of their respective predecessors, successors, and assigns.

signature; (2) Chase's receipt of a current IRS W-9 Form properly executed by the Trustee; and, (3) the Order of the Bankruptcy Court approving this agreement becomes final and non-appealable (the "Payment Deadline").

c)  Payment of the Settlement Amount shall be made out solely to Eva S. Engelhart, Trustee, and paid by cashier's/bank check, corporate (not personal) check or wire transfer.  If transmittal of the Settlement Amount is sent by mail, such payment must be post-marked by the Payment Deadline.  Non-wire transfer payment(s) are to be sent to:

> Eva S. Engelhart, Trustee
> c/o Marc Douglas Myers
> 7700 San Felipe, Suite 550
> Houston, Texas 77063

d)  In consideration of the recitals set forth above the Trustee, the Estate and the Debtor hereby waive, release and forever discharge all claims, demands, and causes of action of whatever kind or character, whether in law or in equity that they have or may have in the future, whether known or unknown, liquidated or unliquidated, fixed or contingent, disputed or undisputed, foreseen or unforeseen, matured or unmatured, whether class or individual, in law, equity, or otherwise, including claims for costs, fees, expenses, penalties, and attorneys' fees against Chase arising from or relating to the Claim including, without limitation, those arising under 11 U.S.C. § 547, 548, 550 and § 24.001 *et seq*. of the Texas Business and Commerce Code.

e)  As additional consideration, the Parties agree that, upon payment of the Settlement Amount, Chase shall have an allowed claim in the above-captioned main bankruptcy case pursuant to 11 U.S.C. § 502(h) in the amount of $14,530.00, in addition to any other timely filed, allowed claim.

f)  It is expressly agreed that this Agreement is in no way an admission of liability or fault, but is instead a compromise and settlement of certain disputed claims between the Parties.

g)  The Parties acknowledge, warrant and represent that they: (a) have not relied on any representation of fact or law by the opposing Party or their agents in signing this Agreement; (b) may later discover facts different from or in addition to those now known or believed to be true regarding the subject matter of this Agreement, and agree that this Agreement will remain in full force despite the existence or discovery of different or additional facts; (c) are the sole and absolute legal and equitable owners of the claims covered by this Agreement and they have not been assigned, transferred or disposed of in any way; (d) have not been offered any tax advice in the course of these negotiations, and are relying upon the advice of their own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement; (e) have had the opportunity to retain and/or consult with an attorney in relation to the claims covered in this Agreement and/or the negotiation and execution of this Agreement; and (f) have the full right and power to execute and deliver this Agreement.

h)  This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals.  All prior oral or written statements, representations, and covenants are merged into this Agreement.  Any other agreements not expressly stated

      here are void and have no further force and effect.  This Agreement may not be amended or modified except by a subsequent, written agreement signed by all Parties.

i)       The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is void, illegal, invalid or otherwise unenforceable, such void, illegal, invalid or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect; <u>provided, however,</u> that if Trustee's release in Paragraph (b) is determined to be void, illegal, invalid or unenforceable, Chase shall be entitled to recover the Settlement Amount in Paragraph b, if paid prior to such determination.

j)       This Agreement may be executed in one or more counterparts, each of which, when executed, shall be deemed an original.  A counterpart of this Agreement executed by electronic means (including, without limitation, via facsimile or email) shall have the same effect as a physically executed counterpart of this Agreement.

k)       Neither the making of this Agreement nor any of its terms shall be construed as an admission by any Party hereto.

l)       All parties agree that this Agreement shall not be used as evidence in any proceeding except a subsequent proceeding to construe or enforce this Agreement.

m)       This Agreement shall be governed and construed in accordance with the laws of the State of Texas, except that any conflicts of law rule of that jurisdiction that may require reference to the laws of some other jurisdiction shall be disregarded.

n)       This Agreement shall continue perpetually and shall be binding upon the Parties and their heirs, successors, and assigns, and shall inure to the benefit of the Parties and their heirs, successors, and assigns.

o)       The Parties agree that any dispute regarding this Agreement shall be subject to the exclusive jurisdiction of the United States Bankruptcy Court in the Southern District of Texas in which the above-captioned bankruptcy case is or was pending.

      The funds above noted and other good and valuable consideration paid in this case is hereby acknowledged by the Trustee and Chase in consideration of this Agreement.

**The Trustee**

**By:** _____
Eva S. Engelhart, Trustee and not in any individual capacity

**Dated:** _____, 2019

**Chase**

**By:**   Name: _____

Printed Name: _____
Title: _____

of _____

**Dated:** _____, 2019